HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LIONEL IRVING,<br><br>                Defendant. | CASE NO. CR04-5350-RBL<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>DKT. #793 |

THIS MATTER is before the Court on Defendant Irving's Motion to Reduce his Sentence [Dkt. #793]. The Court decides this matter on the briefing, as it is not required to hold a hearing with Irving present. *See* Fed. R. Crim. Pro. 43(b)(4) (A defendant need not be present for a hearing involving a sentence reduction or correction under 18 U.S.C. § 3582(c)).

Irving pled guilty to a series of offenses involving crack cocaine. *See* Dkt. 375 (Plea Agreement). He also agreed to plead guilty to manslaughter in the first degree in Pierce County Superior Court, with his federal and state terms of imprisonment running concurrently. *Id*. The Presentence Report (as indicated by the Government's Sentencing Memorandum) described Irving as a career offender with criminal history category of VI and a base offense level of 36. The Government disagreed, recommending Irving's total offense level was 33, which carried an

advisory range of 235 to 293 months imprisonment. Ultimately, Irving and the Government stipulated to a sentencing range between 15 and 17 years for his federal offenses. On November 29, 2006, the Superior Court sentenced Irving to 147 months' confinement, and on December 1, 2006, this Court sentenced him to 204 months (17 years) imprisonment.

Irving argues he is eligible for a reduction in his term of imprisonment after *United States v. Davis*, 825 F.3d 1014, 1026 (9th Cir. 2014). He suggests his amended offense level is 31, with a new sentencing range of 188 to 235 months imprisonment. He asks the Court to reduce his sentence to 188 months, or time-served. The Government acknowledges Irving is eligible to receive a lower sentence and that his amended offense level is 31. But, it asks the Court not to reduce his sentence because it incorporated Irving's admission of manslaughter, he committed earlier drug crimes, and he violated the Bureau of Prisons' phone and drug rules.

The Court may reduce a defendant's term of imprisonment if, after he was sentenced, the Sentencing Commission lowers the applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2). The Commission reduced the range for crack cocaine offenses and made the amendment retroactive. *See* U.S. Sentencing Guidelines Manual app. C, Amend. 748 (U.S. Sentencing Comm'n 2010) (adjusting Guidelines temporarily); *see also id.* at Amend. 750 (2011) (making adjustment permanent). Until the Ninth Circuit decided *United States v. Davis*, however, defendants convicted of crack cocaine offenses sentenced under binding plea agreements could not take advantage of Section 3582. *Davis* removed the jurisdictional hurdle preventing a defendant sentenced under Rule 11(c)(1)(C) from seeking a reduction in his term of imprisonment. *See id.* at 1028, n.14. It concluded a defendant subject to a binding plea agreement is nonetheless eligible for a reduction if his sentence was "based on" the Sentencing Guidelines. *Id.* at 1026. If a defendant is eligible for Section 3582(c)(2) consideration, the Court reviews the sentencing

factors in 18 U.S.C. § 3553(a) and the Guidelines' related policy statements in Section 1B1.10 "to make the discretionary determination whether [a defendant] should actually receive a reduction." *See Davis*, 825 F.3d at 1028.

Here, the parties agree the Court has jurisdiction to resentence Irving, but disagree whether the § 3553(a) factors indicate he warrants resentencing. Irving has not shown that the § 3553(a) factors so indicate. His new, adjusted sentencing range (188–235 months) exceeds his agreed-to sentencing range of 147–204 months. It would make little sense to reduce his sentence, which is within the adjusted range, simply because he was able to strike a favorable plea agreement in 2006. The Commission's changes to crack cocaine sentencing indicate the Court's original 204-month sentence was, and continues to be, reasonable. Therefore, the Court concludes Irving should not receive a sentence reduction. His Motion to Reduce his Sentence [Dkt. #793] is DENIED.

IT IS SO ORDERED.

Dated the 6th day of January, 2017.

Ronald B. Leighton
United States District Judge